**Juanita M. GILES, Plaintiff,**

v.

**BLUNT, ELLIS & LOEWI, INCORPORATED, a corporation, and Roger N. Kreuzer, Defendants.**

**No. 85 C 20192.**

United States District Court, N.D. Illinois, W.D.

Oct. 12, 1988.

See also, 845 F.2d 131.

Jan H. Ohlander, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for plaintiff.

Thomas P. Ward, Chicago, Ill., Michael K. Havrilesko, Williams & McCarthy, Rockford, Ill., for defendants.

#### ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on the defendant's motion to dismiss the first amended complaint pursuant to Rule 9(b) of the Fed.R.Civ.P. For the reasons set forth below, the court grants the defendants' motion with leave to amend within twenty days.

The plaintiff's first amended complaint essentially charges the defendants with violating Section 10(b) of the "Securities Exchange Act of 1934", 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240. The defendants move this court to dismiss the first amended complaint for failure to plead fraud with the particularity as required by Rule 9(b).

In order to satisfy Rule 9(b), a plaintiff pleading fraud must identify the persons who made or failed to make the alleged misrepresentations, the person to whom the representations were made or not made, the content of those misrepresentations, and where or when such misrepresentations or omissions were made. *Beck v. Cantor, Fitzgerald & Co.*, 621 F.Supp. 1547, 1551 (N.D.Ill.1985) "Mere conclusory language which asserts fraud without a description of fraudulent conduct does not

satisfy Rule 9(b)." *D & B Enterprises v. Continental Ill. Nat'l. Bank,* 574 F.Supp. 263, 267 (N.D.Ill.1983). These requirements serve a number of purposes not the least of which is to notify defendants of the conduct complained of so they can sufficiently prepare a defense. *Donato v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 663 F.Supp. 669, 673 (N.D.Ill.1987).

By the same token, Rule 9(b) must be read in conjunction with the Fed.R.Civ.P. 8(a) requirement of a short plain statement of the cause of action. Plaintiffs should not be forced to plead detailed evidentiary matters. *Donato,* 663 F.Supp. at 673.

In her complaint, the plaintiff alleges she was the victim of the defendants' fraudulent actions and misrepresentations. The plaintiff also establishes the span of time in which the fraudulent acts were allegedly perpetrated. The plaintiff further succeeds in outlining the general nature of the defendant's actions. The plaintiff, however, fails to allege who the fraudulent actor was that perpetrated the various acts. She merely refers to ambiguous "defendants." (*See* ¶ 11). More importantly, in almost every instance, the plaintiff fails to allege the content of the defendants' misrepresentations or when these deceptions occurred. Several times the plaintiff alleges that the defendant "misrepresented" the risk involved in a security (*See e.g.* sub-paragraphs 11(a)(b) and (f)) but failed to specify what was said and when it was said.

The plaintiff makes it very difficult for the defendants to mount a defense when they are forced to scan a three and one-half year period and pick out the possible incidents the plaintiff is referencing. Nor are these particular contents and dates outside the plaintiff's personal knowledge, since she was allegedly part of these conversations. *See Lincoln Nat. Bank v. Lampe,* 414 F.Supp. 1270, 1279 (N.D.Ill.1976) (plaintiff does not require discovery to learn time and place, circumstances and contents of conversations in which it was a party).

Two other subparagraphs in the plaintiff's complaint refer to excessive purchases and trading without prior consent or against express instructions. Once again, the perpetrator is not identified nor is the time, or the circumstances surrounding the trades. Without a fairly specific time frame and any verbal landmarks regarding the "express instructions," "express representations," "mining stock" and "[t]rading in the plaintiff's account," the plaintiff makes it difficult for the defendants to determine what instructions or representations or mining stock or trades on accounts the plaintiff is referring to.

In addition, paragraph 10 of the complaint alleges that the defendants engaged in "churning" or the practice of excessive trading for the purpose of earning commissions. A proper pleading of churning requires a bit more than mere generic brands of fraud. The plaintiff must plead the following:

"Identify the securities involved, the nature, amount and dates of transactions in question and sufficient facts to allow for a determination of the turnover ratio (total cost of purchases made for the account for a given period of time to the amount invested) in the account and/or the percentage of the account value paid in commissions. While this pleading standard does not require the plaintiff to list every transaction relevant to the churning claim (citations omitted) it does require more than the conclusional allegation that the defendant engaged in trading for the sole purpose of generating commissions...." *Winkler v. Merrill, Lynch, Pierce, Fenner & Smith,* 642 F.Supp. 122, 125 (N.D.Ill.1986).

In the instant case, the plaintiff's churning allegation in sub-paragraph 11(e) fails to identify any securities or the nature or detail of any transactions. The defendant is given no indication of what transactions were considered excessive, making justification of the transaction difficult.[1]

---

1. The court realizes some details regarding the transactions may be wanting as the details include facts outside the plaintiff's knowledge.

However, in order to bring a "churning" suit the plaintiff must be aware of some specific instances of churning.

Accordingly, for the reasons set forth below, the court grants the defendants motion to dismiss. The plaintiff is allowed leave to amend the First Amended Complaint within 20 days.